(113 So. 650)

### GILLEY v. STATE. (8 Div. 537.)

Court of Appeals of Alabama. June 30, 1927.

Rehearing Denied Aug. 2, 1927.

Proctor & Snodgrass, of Scottsboro, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. The defendant was put to trial upon an indictment which charged him with the offense of assault with intent to murder. He was convicted of an assault and battery, and the jury assessed a fine against him of $500, to which the court added six months' hard labor for the county. From the judgment of conviction the defendant appealed.

■■ It is practically conceded, in brief of counsel, that the trial below proceeded throughout without reversible error in any of the rulings of the court. But an earnest appeal is made in behalf of the aged appellant upon the grounds of excessive punishment. The record discloses this appellant to be 75 years of age, and small in stature, weighing about 122 pounds; and it is shown that Sam Long, the injured party, was a man in the prime of life, and weighed about 175 or 180 pounds. It is conceded, however, that the knife wound inflicted by appellant

upon the prosecuting witness was a serious one, and resulted in grievous injury, and it is urged here that the physical condition of the alleged injured party, evident to the jury before whom he gave his testimony, was responsible for the alleged excessive fine fixed by the jury; and in all probability prompted the court in adding the six months' hard labor for the county. Whatever merit there may be in this insistence, from a humane standpoint, this court is without authority of law to grant the relief sought. In respect of cases in the category to which this case belongs, the jurisdiction this court has is appellate only. Review here, in such cases, is limited to those matters upon which action or ruling at nisi prius was invoked and had. The prerogative here sought to be invoked, by a remission or lessening of the punishment, is vested solely in the pardoning tribunal of the state. Courts are not endowed with the pardoning power.

As no error appears in the trial of this case, and as the record proper is also without error, we must perforce order that the judgment of conviction appealed from, stand affirmed.

Affirmed.