193 So. 194

## CHUMLEY v. STATE.

### 7 Div. 485.

Court of Appeals of Alabama.

Nov. 28, 1939.

Application for Rehearing Dismissed
Jan. 9, 1940.

136

McCord & McCord, of Gadsden, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case was for a violation of Section 3446 of the Code 1923, which makes it an offense for any person to willfully remove or destroy any monument or post, or cut down, remove, or destroy any tree, or deface or alter the marks made on such monument, post or tree, which monument, post, or tree was erected, or used, to designate the corner or any other point on the boundary of any lot or tract of land, etc. The prosecution originated in the county court upon the affidavit of one J. J. Everette, made before T. R. Snead, Judge of County Court, and the warrant issued thereon. The trial in the county court resulted in the conviction of the defendant as charged in the affidavit, and the record discloses a fine of fifty dollars was assessed against him. From the judgment of conviction in the county court the defendant appealed to the circuit court of Cherokee County. An appeal bond was executed and approved and in all respects the appeal was regular.

In the circuit court the Solicitor, as the law requires, filed a complaint charging the defendant with the same offense for which he was convicted in the county court. To the complaint in the circuit court the defendant interposed a demurrer based upon several separate and distinct grounds, the principal insistence being that the complaint charged no violation of the law; that it was indefinite, vague and uncertain, and failed to inform the defendant as to what offense he is called upon to defend, etc.

There is nothing in this record to show that the demurrer was called to the attention of the trial court, and the judgment entry fails to disclose any ruling of the court upon the demurrer. However, we find that the complaint follows the exact language of the Statute, supra, and this was sufficient as has many times been held.

On the trial in the circuit court, the jury returned the verdict: "We the jury find the defendant guilty as charged in the complaint and assess a fine of $50.00." The court thereupon duly adjudged the defendant guilty and entered judgment of conviction accordingly, from which this appeal was taken.

The appeal is upon the record proper. There is no bill of exceptions. We are, therefore, without authority to pass upon or consider the numerous special written charges refused to defendant which are set out in the record. Our sole duty on this appeal is to examine the record and ascertain therefrom if the proceedings in the lower court were in all respects regular. We have performed this duty. The record is regular and without error apparent thereon. It follows, that the judgment of conviction from which this appeal was taken must stand affirmed.

Affirmed.

On Rehearing.

The application for rehearing is based upon three grounds: "(1) This court erred in affirming this case. (2) This court erred in holding there was a reversible error in this case. (3) This court erred in affirming the case for and on account of the fact that said cause was not at issue and that the said case was determined by the court before the call of the division of the court in which the case arose."

As to ground "one," the opinion heretofore rendered is a complete answer. Ground "two," is evidently a misprision, but pretermitting this, said ground is wholly untenable. As to ground "three," supra, the records of this court affirmatively show this cause was not prematurely submitted, and that the submission was had under the provisions of Section 10282 of the Code 1923, the required notice having been duly given. Said Section, supra, reads as follows: "10282. Criminal cases submitted at any time by consent; when submitted without consent of state.—During the sitting of the court all cases at issue may be submitted at any time without oral argument by consent of the parties or upon ten days' notice to the opposite party or his counsel of record, which notice shall specify the date upon which the case is to be submitted. The court may in its discretion, permit oral argument at the time of such submission."

What has been said above is conclusive as to the application for rehearing. However, for a non-compliance with the provisions of Supreme Court Rule 38, and under the decision in the case of Caraway v. State, 18 Ala.App. 547, 93 So. 376, the application for rehearing is dismissed.

Application dismissed.