88 So.2d 878

**DAVENPORT–HARRIS FUNERAL HOME, Inc.,**

v.

**Glenn CHANDLER et al.**

**6 Div. 44.**

Supreme Court of Alabama.

July 26, 1956.

McDonald & Moon, Birmingham, for petitioners.

Arthur D. Shores, Birmingham, opposed.

SIMPSON, Justice.

This is a petition for writ of certiorari to the Court of Appeals.

The petition prays that this court proceed to review and correct the errors complained of and to reverse the judgment of the Court of Appeals. But no errors are pointed out in the petition. The petition recites the following as a basis for the application for certiorari:

"The points of law which Petitioners claimed should be reviewed and revised by this Honorable Court are as follows:

"1. What is the legal duty to others of an undertaker who is in charge of and

**624**

directing a funeral procession with regard to the formation of the procession and directions given to persons participating in the funeral procession?

"2. Does the agent of an undertaker have the implied or apparent authority to employ others to assist him in his work while conducting and directing a funeral procession for his employer?

"3. Is the driver of a car leading a funeral procession whose position and movements are directed by the agent of the undertaker engaged in conducting a funeral procession the agent of the undertaker while performing such movements directed by the agent of the undertaker?"

Manifestly, it is impossible for this court to review the opinion or to revise the judgment of the Court of Appeals with respect to any errors, if so, inasmuch as the petition does not point out any errors but merely requests this court to make a declaration with respect to the statuses listed above. The petition is insufficient to invite a review.

Rule 39 of the Revised Rules of this court, Code 1940, Tit. 7 Appendix, provides that the application for writ of certiorari must be accompanied by a brief "pointing out and arguing the point or decision sought to be revised or corrected." Implicit in this provision is that the application for the writ must point out with sufficient clearness any error of law in the opinion of the Court of Appeals of which the petitioner complains.

This necessarily must be so because in determining the propriety vel non of issuing the writ, we only pass on the grounds on which the certiorari is sought. City of Gadsden v. Elrod, 250 Ala. 148, 33 So.2d 270. See also Alabama Power Co. v. City of Fort Payne, 237 Ala. 459, 466, 187 So. 632, 123 A.L.R. 1337.

Writ denied.

LIVINGSTON, C. J., and MERRILL and SPANN, JJ., concur.