92 So.2d 927

**LIBERTY NATIONAL LIFE INSURANCE COMPANY**

v.

**Buford STRINGFELLOW.**

**6 Div. 99.**

Supreme Court of Alabama.

Jan. 10, 1957.

Rehearing Denied March 7, 1957.

Lipscomb, Brobston, Jones & Brobston, Bessemer, for petitioner.

Lange, Simpson, Robinson & Somerville, Birmingham, and Huey, Stone & Patton, Bessemer, opposed.

LAWSON, Justice.

This is a petition for writ of certiorari to the Court of Appeals.

The opinion of the Court of Appeals is set out in the petition. It is followed by these statements: "Your petitioner avers that the Court of Appeals erred in its decision of October 16, 1956, and that the same should be reversed, and the Court of Appeals erred in denying petitioner's application for rehearing.

"All of said grounds hereinabove assigned will be more completely and fully discussed in the brief filed with this petition."

But no errors are specified or assigned anywhere in the petition for the writ of cer-

**562**

tiorari, although the brief of petitioner challenges several of the holdings of the Court of Appeals.

In Davenport-Harris Funeral Home, Inc. v. Chandler, 264 Ala. 623, 88 So.2d 878, 879, Mr. Justice Simpson writing for the court, in holding the petition there filed insufficient because it did not point out any error in the opinion of the Court of Appeals, said:

"Manifestly, it is impossible for this court to review the opinion or to revise the judgment of the Court of Appeals with respect to any errors, if so, inasmuch as the petition does not point out any errors but merely requests this court to make a declaration with respect to the statuses listed above. The petition is insufficient to invite a review.

"Rule 39 of the Revised Rules of this court, Code 1940, Tit. 7 Appendix, provides that the application for writ of certiorari must be accompanied by a brief 'pointing out and arguing the point or decision sought to be revised or corrected.' Implicit in this provision is that the application for the writ must point out with sufficient clearness any error of law in the opinion of the Court of Appeals of which the petitioner complains.

"This necessarily must be so because in determining the propriety vel non of issuing the writ, we only pass on the grounds on which the certiorari is sought. City of Gadsden v. Elrod, 250 Ala. 148, 33 So.2d 270. See also Alabama Power Co. v. City of Fort Payne, 237 Ala. 459, 466, 187 So. 632, 123 A.L.R. 1337."

In view of the holding of this court in Davenport-Harris Funeral Home, Inc., v. Chandler, supra, we are constrained to deny the writ without giving consideration to any of the questions treated in the opinion of the Court of Appeals.

Writ denied.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.