101 So.2d 572

### John Edward BURTON

### v.

### STATE of Alabama.

### 6 Div. 246.

Supreme Court of Alabama.

March 20, 1958.

**Criminal Law** ⟨⇒1071

Where no errors were specified or assigned in petition for writ of certiorari to Court of Appeals, and only claim of error was that Court of Appeals did not follow law as set out by Supreme Court in cases involving same questions and that Court of Appeals was in error in applying the law to the facts in the case and in determining legal questions affecting evidence admitted in case, petition was insufficient because it failed to point out error, and Supreme Court would deny petition without giving consideration to any questions treated in opinion of Court of Appeals.

———◆———

T. K. Selman and T. L. Beaird, Jasper, for appellant.

John Patterson, Atty. Gen., opposed.

STAKELY, Justice.

This is a petition for writ of certiorari to the Court of Appeals.

No errors are specified or assigned in the petition. The following statement from the petition constitutes the petitioner's only claim of error on the part of the Court of Appeals:

"* * * Petition respectfully submits and contends that the Court of

Appeals was in error in affirming the Circuit Court's judgment rendered in said cause. That it is respectfully submitted that the Court of Appeals did not follow the law as heretofore held and set out by the Supreme Court in cases involving the same questions and that said Court of Appeals was in error in applying the law to the facts in the case, and in determine the legal questions affecting the evidence admitted in the case." (Italics supplied.)

In Davenport-Harris Funeral Home, Inc., v. Chandler, 264 Ala. 623, 88 So.2d 878, 879, Mr. Justice Simpson writing for the court, in holding the petition there filed insufficient because it did not point out any error in the opinion of the Court of Appeals, said:

"Manifestly, it is impossible for this court to review the opinion or to revise the judgment of the Court of Appeals with respect to any errors, if so, inasmuch as the petition does not point out any errors but merely requests this court to make a declaration with respect to the statuses listed above. The petition is insufficient to invite a review.

"Rule 39 of the Revised Rules of this court, Code 1940, Tit. 7 Appendix, provides that the application for writ of certiorari must be accompanied by a brief 'pointing out and arguing the point or decision sought to be revised or corrected.' Implicit in this provision is that the application for the writ must point out with sufficient clearness any error of law in the opinion of the Court of Appeals of which the petitioner complains.

"This necessarily must be so because in determining the propriety vel non of issuing the writ, we only pass on the grounds on which the certiorari is sought. City of Gadsden v. Elrod, 250 Ala. 148, 33 So.2d 270. See also Alabama Power Co. v. City of Fort Payne, 237 Ala. 459, 466, 187 So. 632, 123 A.L. R. 1337."

In view of the holding of this court in Davenport-Harris Funeral Home, Inc., v. Chandler, supra, as followed in Liberty National Life Ins. Co. v. Stringfellow, 265 Ala. 561, 92 So.2d 927, we are constrained to deny the writ without giving consideration to any of the questions treated in the opinion of the Court of Appeals. See also Shiflett v. State, 265 Ala. 652, 653, 93 So. 2d 526.

Writ denied.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.