116 So.2d 595

## Buford STRINGFELLOW

### v.

## LIBERTY NATIONAL LIFE INS. CO.

### 6 Div. 258.

Supreme Court of Alabama.

Dec. 17, 1959.

Lipscomb, Brobston, Jones & Brobston, Bessemer, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, and Huey, Stone & Patton, Bessemer, for appellee.

LIVINGSTON, Chief Justice.

This is the second appeal in this case. The suit involves a policy of burial insurance.

Originally the complaint contained two counts. On the first trial in the court below, the cause was submitted to the jury upon Count 2 of the complaint, and resulted in a verdict for the plaintiff for $1,000. On appeal, the Court of Appeals held that Count 2 was demurrable and reversed and remanded the cause to the Circuit Court of Jefferson County, Alabama, Bessemer Division. Liberty National Life Ins. Co. v. Stringfellow, 38 Ala.App. 594, 92 So.2d 924, certiorari denied 265 Ala. 561, 92 So.2d 927. On petition for certiorari to this Court, it was held that the petition failed to specify or assign any errors complained of, although brief of petitioner challenged several holdings of the Court of Appeals, petition was insufficient to invite a review by this Court. Liberty National Life Ins. Co. v. Stringfellow, supra.

After remandment to the lower court, demurrers were refiled to Count 2 of the complaint and sustained by the lower court. The plaintiff refused to plead further, took a nonsuit, and appealed to this Court. We, therefore, have before this Court only one question, and that is the sufficiency of Count 2 of the complaint, which is identically the same count that was before the Court of Appeals. We have examined the opinion of the Court of Appeals in 92 So. 2d 924, supra, and agree with the Court of Appeals. We adopt its opinion as the opinion of this Court in so far as it is applicable to that one question. We hold that Count 2 was subject to the demurrers interposed to it. Therefore, the cause is due to be, and is, affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.