119 So.2d 600

**Melvin SPARKS**

v.

**STATE of Alabama.**

6 Div. 544.

Supreme Court of Alabama.

March 24, 1960.

Rehearing Denied April 21, 1960.

Morel Montgomery, Birmingham, for petitioner.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., opposed.

MERRILL, Justice.

Petitioner pleaded guilty to assault and battery in two cases and was fined five dollars and costs and sentenced to 180 days in each case. He applied for and received probation, and the probation was later revoked. He appealed from this order to the Court of Appeals. That court held that an appeal did lie from an order revoking probation, but affirmed because there were no assignments of error. Review was sought here by certiorari.

The main part of the opinion of the Court of Appeals deals with whether an appeal will lie from an order revoking probation. This point was decided in favor of petitioner.

In determining the propriety vel non of issuing a writ of certiorari to the Court of Appeals, we only pass on the grounds on which the certiorari is sought. City of Gadsden v. Elrod, 250 Ala. 148, 33 So.2d 270; Davenport-Harris Funeral Home v. Chandler, 264 Ala. 623, 88 So.2d 878; Liberty National Life Insurance Co. v. Stringfellow, 265 Ala. 561, 92 So.2d 927, and Burton v. State, 267 Ala. 354, 101 So. 2d 572.

 

The only two grounds on which certiorari is sought in this court are:

"1st: The Court of Appeals on page 7 of said Opinion of December 15 1959 [119 So.2d on page 600], said 'Section 389, Tit. 15, Code of Alabama 1940 provides that in cases taken to the Supreme Court or Court of Appeals under the provisions of Chapter 18 of said code, no assignments of error are necessary. Chapter 18, supra, pertains to appeals from judgments of conviction in criminal cases. See Sec. 367, Tit. 15, Code of Alabama 1940, and appeals from judgment in habeas corpus cases. See Sec. 369, Tit. 15, Code of Alabama 1940.'

"This appeal is therefore not within the purview of Sec. 389, supra, dispensing with the necessity of assignments of error in appeals from judgments of convictions in criminal cases, but on the other hand, an assignment of error on the record is essential to present questions for review.

"2nd: Further the Court of Appeals said on page 8 of their opinion [119 So.2d 600], viz, 'We cannot consider the questions sought to be presented by these appeals without disregarding the uniform holding in this state that, except upon an appeal from a judgment of conviction in a criminal case, an assignment of error on the record is essential to present questions for review.'"

■ The Court of Appeals correctly held that assignments of error were necessary to present questions for review. Our denial of the writ, therefore, is limited to the last two paragraphs of the opinion of the Court of Appeals, and we are not to be understood as approving the other part of the opinion not presented to us in the petition for writ of certiorari, that is, we do not decide that appeal is or is not the proper method to review an order revoking probation.

Writ denied.

SIMPSON, STAKELY and COLEMAN, JJ., concur.