122 So.2d 726

**J. C. LYLES**

v.

**STATE of Alabama.**

**7 Div. 481.**

Supreme Court of Alabama.

June 2, 1960.

Rehearing Denied Sept. 15, 1960.

Rowan S. Bone and Hinton & Torbert, Gadsden, for petitioner.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., opposed.

COLEMAN, Justice.

"Rule 39 of the Revised Rules of this court, Code 1940, Tit. 7 Appendix, provides that the application for writ of certiorari must be accompanied by a brief 'pointing out and arguing the point or decision sought to be revised or corrected.' Implicit in this provision is that the application for the writ must point out with sufficient clearness any error of law in the opinion of the Court of Appeals of which the petitioner complains." Davenport-Harris Funeral Home v. Chandler, 264 Ala. 623, 624, 88 So.2d 878, 879.

That part of the instant petition for certiorari purporting to point out "the point or decision" to be corrected recites as follows:

" \* \* \* The points of law involved which the petitioner claims should be reviewed and revised by this Supreme Court are as follows:

"1. If, in a criminal trial, the jury finds and pronounces the guilt of the Defendant, if the Court sets the sentence aside because of the failure to have the prisoner enter a plea to the charge, the entry setting aside said verdict must show the reason for setting said verdict aside. Section 258, Title 15, Code of Alabama, 1940.

"2. Jeopardy attaches in a criminal case after the jury has been empaneled, sworn, evidence been presented by the prosecution, the Court having charged the jury, and the jury having rendered a verdict finding the Defendant guilty as charged.

"3. After a jury is empaneled, evidence presented by the prosecution, and a verdict finding the Defendant guilty as charged is entered, the Court is without authority to enter an order setting aside the verdict of the jury and ordering that the defendant be retried."

In petitioner's brief, the statements quoted above from the petition are set out as Propositions of Law. The statements in the petition do not indicate what the Court of Appeals decided, nor whether the petitioner seeks to establish or controvert the propositions stated.

In view of Davenport-Harris Funeral Home v. Chandler, supra, and Liberty National Life Ins. Co. v. Stringfellow, 265 Ala. 561, 92 So.2d 927, we are constrained to deny the writ without giving consideration to any questions treated in the opinion of the Court of Appeals.

Writ denied.

LAWSON, STAKELY and MERRILL, JJ., concur.