136 So.2d 574

Robert ARTRIP

v.

STATE.

3 Div. 91.

Court of Appeals of Alabama.

Jan. 9, 1962.

---

Robert Artrip, pro se.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

CATES, Judge.

Artrip appeals from a judgment convicting him of escaping from the penitentiary while serving a sentence. Code 1940, T. 14, § 153, as amended. He was sentenced to two years further confinement.

Artrip did not adduce evidence to support a traverse of the indictment, contenting himself merely with developing matters of avoidance and mitigation. The State's evidence made out a prima facie case.

On arraignment Artrip pled former jeopardy, alleging in part as follows:

"* * * defendant herein while serving a sentence in the Alabama Penitentiary * * * escaped * * * Upon return to prison petitioner was forthwith punished for said escape by State authorities by being placed in solitary confinement for a period of 5 (five days) on bread and water. * * * following which, * * * petitioner was further punished * * * for (30) more days by confinement in what is termed the segregation unit of the prison. * * * Incidently, the prison being a maximum security prison it canot be argued an inmate is placed in the segregated unit for maximum security, or (safe keeping) since that would apply to all inmates in population at Kilby, the prison being a maximum security one.

"Petitioner * * * contends he has in actuality been submitted to a period of (35) days of punishment for his escape * * * and * * * the facts and matters herein * * · * would bar a subsequent prosecution for the same offense (escape). * * *"

The State demurred to this plea, one of the grounds assigned being that the plea affirmatively showed Artrip had not been placed in jeopardy for the offense charged in the indictment. The trial judge sustained the demurrer.

Administrative or disciplinary punishment, we have recently held, is a matter cognizable, certainly in the first instance, by the Board of Corrections. Phillips v. State, Ala.App., 133 So.2d 512.[1] These punishments whether involving degrees of isolation or corporal chastisement are within the discretion of the Legislature provided they are not cruel and unusual. Allgood v. State, 20 Ala.App. 665, 104 So. 847 (dictum); 18 C.J.S. Convicts § 11; Constitution, § 15; Code 1940, T. 45, §§ 36, 49 and 50.

Illustratively (though without adopting the opinion in toto), we quote from Howard v. State, 28 Ariz. 433, 237 P. 203, 204, 40 A.L.R. 1275:

"* * * If, for example, a prisoner attempts to escape from the * * * confinement * * * prescribed by * * * law, * * * it is highly proper that such stricter confinement be imposed as may be necessary to hold him. If he persists in violating the reasonable rules which are necessary in such an institution, he will naturally be deprived of the privileges extended to those who comply therewith, and it will not lightly be presumed that an officer of the law will require stricter confinement or deprivation of privileges without just cause therefor."

Infliction of disciplinary penalties to be endured contemporaneously with a sentence being served under a judgment

---

1. Ante, p. 393.

of a competent court does not lengthen the court-imposed sentence. Therefore, the administrative determination does not put the convict in jeopardy because the punishment is only of a harsher degree (but within the law) and not of a new term.

▉ Jeopardy is ordinarily considered not to attach until an indictment has been read to a jury "impaneled and sworn." We need not elaborate on the ramifications; they may be traced from the opinion in Lyman v. State, 47 Ala. 686. The trial judge's sustaining the demurrer was correct.

In his brief Artrip points out that counsel appointed for him withdrew for want of payment of a requested fee of $100.00. No statute nor local court or bar rule requires lawyers in the Fifteenth Judicial Circuit to represent defendants without compensation. No statute, except Code 1940, T. 15, § 318 (capital cases), provides for counsel for poor defendants.

The judgment entry recites in part as follows:

"* * * such convict was by occupation a mechanic, and that the cause of the commission of the crime was unknown; said convict is of male sex, white race and is about 40 years of age and his physical condition is good."

The wording of the indictment was clear and concise. The elements of offense are capable of being readily understood, viz., (1) escape from (a) the penitentiary or (b) a person or guard lawfully having him in charge—either within or outside the walls; and (2) before the expiry of a sentence.

▉ The offense, though it now permits confinement for as long as life, not being capital, does not fall under the rule in Powell v. State, of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, so as to make the absence of counsel a denial of due process of law.

Nor do we think that the exceptions to Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, as shown in Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4, Cash v. Culver, 358 U.S. 633, 79 S.Ct. 432, 3 L.Ed.2d 557, and McNeal v. Culver, 365 U.S. 109, 81 S.Ct. 413, 5 L.Ed.2d 445, would apply here.

From Jones v. Cochran, Fla., 125 So.2d 99, at 102, we excerpt:

"The necessity for the appointment of counsel in order to meet Fourteenth Amendment requirements is influenced largely by the following factors: (1) the gravity of the offense, (2) the nature and complexity of the issue, (3) the age of the defendant, (4) his mental capacity, (5) background, including education and experience, (6) knowledge of law and procedure and, (7) the degree of protection given during the trial as appears from the conduct of the Court or prosecuting officials. 93 L.Ed. 149. No one of these factors alone is decisive. As pointed out in Betts v. Brady, supra, it is necessary to appraise the totality of the facts and decide whether the need for counsel is so great that the deprivation of such assistance produces a fundamental unfairness."

Artrip was considered a good all round mechanic and electrician by his superviser at the Kilby motor pool. His original brief was well typed and concisely stated a number of pertinent points. His supplemental briefs which exhibit good penmanship are also pertinent to the contentions he advances.

▉ Aside from the irrationality of his escaping while under a relatively short sentence, appellant has, on this record and in his briefs, shown himself to be intelligent. He was confronted with an accusation of an uncomplicated nature. He presented a plea grounded on native wit which merited and received here serious legal consideration.

This claim of double jeopardy by reason of administrative punishment could not have been enhanced by counsel.

Artrip makes no claim of mental illness which might have impeded his ability to defend himself. He cross-examined the two prosecuting witnesses and addressed the jury twice, though only entitled to but one argument.

We find in the record no circumstance which, because of Artrip's lack of a lawyer, could characterize his conviction as being fundamentally unfair within the meaning and spirit of the exceptions to Betts v. Brady, supra.

There was some evidence to support Artrip's contention that one of the judges of the Fifteenth Circuit (Montgomery County) nol prosses prison escape indictments if the convict has been given more than five days solitary confinement by the penitentiary authorities.

There was no evidence to support his contention that the trial court has a general policy and practice "extending back for some years, that in all such cases * * * (1) he could plead guilty and be given a 13 month term, or (2) on conviction be given two years."

■ Unlike certain other appellate courts, we cannot review a sentence of a trial court having jurisdiction of the accused and his offense except to see that the sentence imposed is within the limits set by law. Herrington v. State, 87 Ala. 1, 5 So. 831; Gilley v. State, 22 Ala.App. 184, 113 So. 650; Code 1940, T. 15, § 367; Anno. 89 A.L.R. 295. We find no abuse here of judicial discretion in the sentence here imposed.

■ Whether punishment should fit the crime or whether it should fit the criminal or society is, after trial of noncapital cases, confided, except for legality, solely in the trial court and the Pardon and Parole Board. See Guides for Sentencing, p. 33; Const. Amendment XXXVIII. Cf. Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337.

■ The final point presented is Artrip's request for oral argument made after submission.

Revised Supreme Court Rule 4, 261 Ala. xxi, begins thus:

"Appellant or his counsel shall by endorsement on the last page of his brief state if appellant desires to argue the case orally in this court. * * * and if neither party shall thus indicate a desire to argue the case orally, the clerk of this court shall, when briefs from all parties have been filed with him as hereinafter provided, immediately submit the case in term time upon the transcript and such briefs."

Code 1940, T. 13, § 23, provides:
"During the sitting of the court all cases at issue may be submitted at any time without oral argument by consent of the parties or upon ten days' notice to the opposite party or his counsel of record, which notice shall specify the date upon which the case is to be submitted. The court may in its discretion, permit oral argument at the time of such submission. The cause is at issue within the meaning of this section when the record may with reasonable expedition be prepared by the clerk or register, as determined by the court."

Similar provisions are found in the Rules of several of the federal Courts of Appeals, viz., Third Circuit, Rule 31, subdiv. 4; Sixth Circuit, Rule 20, subdiv. 4; Seventh Circuit, Rule 21(d); Eighth Circuit, Rule 13(g); Ninth Circuit, Rule 20, subdiv. 4; and Tenth Circuit, Rule 19, subdiv. 10, 28 U.S.C.A.

Citing Glenn v. Fant, 124 U.S. 123, 8 S.Ct. 398, 31 L.Ed. 352, and Aurrecoechea v. Bangs, 110 U.S. 217, 3 S.Ct. 639, 28 L.Ed. 125 the text of 3 Am.Jur., Appeal and Error, § 791, reads in part:

"In some jurisdictions, by rule of court, the case may be submitted on

briefs alone, without oral argument. Stipulations between counsel for submitting causes without oral argument may be enforced, and they cannot be withdrawn by either party without the consent of the other, except by leave of the court upon cause shown.  *  * "

See also 5 C.J.S. Appeal and Error § 1401e.

In view of the State's objection to oral argument, we consider submission is not due to be set aside. Nor was the original submission premature. Chumley v. State, 29 Ala.App. 135, 193 So. 194.

We have carefully read the entire record and consider the judgment below is due to be

Affirmed.

