150 So.2d 394

**Leon GANDY**

v.

**STATE.**

**6 Div. 826.**

Court of Appeals of Alabama.

Jan. 8, 1963.

Rehearing Denied Jan. 29, 1963.

Leon Gandy, pro se.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for the State.

**6**

PRICE, Presiding Judge.

From a judgment of conviction for the offense of robbery, this appeal was taken.

The evidence for the state tended to show that on the evening of Wednesday, August 24, 1960, one Leon Wesson left the Blue Heaven Cafe in Birmingham in the company of three people and got into an automobile. Defendant was in the driver's seat, Wesson was in the middle, between defendant and a man named Childers. On the back seat were defendant's wife, Elizabeth, wearing a checked dress, and a small stocky man who was lying down and appeared to have "passed out." After driving some distance the car stopped and, at knife point, Wesson was forced to remove all his clothing except his underwear, was robbed of some papers, his watch and $348.00 in cash, and was then deserted by his companions who drove away. Wesson walked to the nearest residence, reported the robbery and described defendant as one of the people who robbed him. The following Sunday, at a police lineup, Wesson identified defendant, defendant's wife and Childers as the persons who had robbed him.

In the early morning hours of Saturday, August 27, 1960, defendant and his wife were arrested at the Mecca Hotel in room 16. One John B. Childers was arrested in adjoining room 15. Under the rug in said room police found papers which had been taken from Wesson on the night he was robbed.

In a parking lot across the street from the Mecca Hotel defendant identified an automobile as being the vehicle used in the robbery. The car contained personal items belonging to Wesson, as well as the checked dress worn by defendant's wife on the night of August 24th.

Evidence for defendant tended to show that at the time Wesson was robbed defendant and his wife were "passed out" drunk on the back seat of a car which had been stolen by Childers or a short heavy-set man named Thomas L. Lane; that defendant did not revive or get out of the car until he, his wife and Childers went to and registered at the Mecca Hotel; and that Childers, although he did not pull a knife on or make Wesson divest himself of some of his clothing, removed from Wesson's shirt pocket $4.00 and some identification papers and hid the papers under the rug in his hotel room.

■ Appellant first complains that the trial court erred in admitting on the trial certain evidence. In these instances there is nothing for us to review. No objections were interposed to either of the questions eliciting such evidence.

It is further insisted that the court erred in admitting into evidence, at the request of the state, a certified copy of the transcript of the hearing in the Jefferson County Criminal Court. This transcript was offered by the state for the announced purpose of showing that the defendant was bound over to await the action of the grand jury. The grounds of objection interposed by the defendant were that the transcript contained various items such as fees, cost items, and names of witnesses subpoenaed.

The Court said:

"There are other items on here, showing subpoenas issued, and Sheriff's Return on them, and various cost items, and various witnesses' names subpoenaed by the State.

"I am going to admit this in evidence, but I am instructing you at this time not to consider that portion of this sheet, except this order, under a facsimile stamped signature of Judge Francis Thompson, dated, up here, September 9, 1960.

"I am admitting that in evidence for whatever value it has, gentlemen, in helping you to determine the issues in this case. However, these other items, cost items and witnesses' names, and so forth, are not to be considered by you in determining the issues in this case. It has no proper place in there."

On appeal to the circuit court from a judgment of conviction in the county court the case must be tried de novo, and the order of the judge of the county court is not admissible in evidence against the appellant. Dodd v. State, 32 Ala.App. 307, 26 So.2d 273. But we find no reversible error in the admission of the order here for two reasons: (1) The assigning of a specific ground of objection to evidence is a waiver of all other grounds. Ellis v. State, 38 Ala.App. 379, 86 So.2d 842; Robinson v. State, 40 Ala.App. 101, 108 So.2d 188. The court sustained the specified grounds of objection and will not be put in error for admitting the order in the absence of additional grounds of objection. (2) There was no compliance with Supreme Court Rule 41 (Old Rule 47). The transcript of the Jefferson County Criminal Court was not copied into the record, the clerk did not certify that the reproduction of the court's order on transcript paper would be difficult or impractical nor has the original been attached in any manner to the transcript, or forwarded to this court for inspection and consideration without a compliance with said Rule 41, we cannot review the action of the court in admitting the State's exhibit. Lipscomb v. State, 37 Ala.App. 379, 68 So.2d 862; Starkey v. Bryant, 257 Ala. 557, 59 So.2d 796.

There is no merit in appellant's argument in brief that the trial court failed to instruct Elizabeth Gandy, upon her taking the witness stand that since she was also under indictment charged with robbing Wesson and was the wife of accused she could not be compelled to testify. The record shows that Elizabeth Gandy merely stated her name, place of residence, relationship to accused, her place of employment, the nature of her employment and the fact that she, too, was charged with robbing Wesson before she was informed by the trial judge that since she was married to defendant and was also charged with the same offense as defendant she did not have to testify in the case at bar. After being informed of her rights she was asked whether she wanted to testify. Her reply was, "Yes sir, I want to testify." The witness waived her constitutional immunity against self incrimination, Const.1901, Sec. 6, and elected to testify against her husband. Title 15, Sec. 311, Code 1940.

State's Exhibits "B" through "H", papers identified as being taken from Wesson on the night of the robbery and subsequently found under the rug in the hotel room occupied by defendant and his wife, were clearly admissible in evidence.

It is further argued in brief that the testimony of the prosecuting witness, Leon Wesson, was unworthy of belief because he had been convicted of bigamy and allegedly made conflicting statements. It is within the province of the jury to decide the weight or credibility they will give to the testimony of a witness. Jones v. State, 40 Ala.App. 419, 114 So.2d 575.

The sufficiency of the evidence to sustain the conviction is not presented for our review. There was no motion to exclude the state's evidence, no request for the affirmative charge and no motion for a new trial.

We find no error in the record. The judgment is affirmed.

Affirmed.