**518**

150 So.2d 397

**Leon GANDY**

**v.**

**STATE.**

6 Div. 958.

Supreme Court of Alabama.

Feb. 21, 1963.

Rehearing Denied April 4, 1963.

———◆———

Leon Gandy, pro se.

Richmond M. Flowers, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., opposed.

COLEMAN, Justice.

Petitioner's conviction was affirmed by the Court of Appeals and he applies for certiorari to review that affirmance.

The entire petition for certiorari, exclusive of caption and signature, is as follows:

"Comes now, Ralph Leon Gandy, petitioner in the above styled cause, and respectfully moves this honorable court to treat the papers enclosed herewith, (upon which his appeal was taken in the Courts of Appeals of Alabama), as his petition for writ of certiorari."

Attached to the foregoing is a copy of brief filed by petitioner in the Court of Appeals.

For at least two reasons, the petition for certiorari is due to be denied.

▉ First. The petition completely fails to point out any error of law in the opinion of the Court of Appeals of which petitioner complains. Where the petition fails to point out any error in the opinion of the Court of Appeals, the petition is insufficient to invite a review. Davenport-Harris Funeral Home, Inc. v. Chandler, 264 Ala. 623, 88 So.2d 878; Liberty National Life Ins. Co. v. Stringfellow, 265 Ala. 561, 92 So.2d 927; Nix v. State, 271 Ala. 628, 126 So.2d 123. The instant petition is, therefore, insufficient to invite a review of the decision of the Court of Appeals.

▉ Second. The brief attached to the petition is the only brief filed in the Supreme Court by petitioner. This brief commences: "IN THE COURT OF APPEALS OF ALABAMA," and purports to be, as petitioner says it is, merely a copy of the brief filed by petitioner in the Court of Appeals. The refiling of the brief originally filed in the Court of Appeals is not a sufficient compliance with Supreme Court Rule 39. Ex parte Locklear, 205 Ala. 236, 87 So. 712; Gulf, M. & O. R. Co. v. Scott, 248 Ala. 250, 27 So.2d 152; Allen v. State, 249 Ala. 201, 30 So.2d 483. Under the last cited cases, the petition is, therefore, due to be dismissed.

Petition dismissed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.