154 So.2d 673

**Ex parte Ralph Leon GANDY.**

**In re Ralph Leon GANDY**

**v.**

**STATE of Alabama.**

**6 Div. 3.**

Supreme Court of Alabama.

June 13, 1963.

Ralph Leon Gandy, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

This is an original petition, filed in this court by a convict, asking for leave to file a petition for writ of error coram nobis "into his trial court."

The state has filed a motion to strike. By the state's motion, we are advised that petitioner did appeal his conviction for robbery to the Court of Appeals where the judgment was affirmed and rehearing denied. Gandy v. State, Ala.App., 150 So.2d 394. Petitioner then applied to the Supreme Court for certiorari to review the decision of the Court of Appeals, but the application for certiorari was dismissed. Gandy v. State, 274 Ala. 518, 150 So.2d 397.

It thus appears that petitioner's cause has never been in the Supreme Court.

Where the judgment of conviction has been affirmed in the Supreme Court, application is properly made to the Supreme Court for leave to file a petition for writ of error coram nobis in the circuit court. Ex parte Williams, 268 Ala. 535, 108 So.2d 454; Ex parte Seals, 271 Ala. 622, 126 So. 2d 474.

Where there has been no appeal to the Supreme Court, and that court has not acquired jurisdiction of the cause by certiorari, or other writ or proceeding, the Supreme Court has no jurisdiction to hear and determine a petition for leave to file a petition for writ of error coram nobis in the circuit court. Smith v. State, 245 Ala. 161, 16 So.2d 315; Ex parte Williams, 255 Ala. 648, 53 So.2d 334.

Because it is not made to appear that the judgment of the circuit court was reviewed in this court on appeal, or otherwise, the original petition for leave filed in this court is without merit and the state's motion to strike is due to be and is granted. Ex parte Williams, 255 Ala. 648, 53 So.2d 334.

Petition stricken.

LIVINGSTON, C. J., and LAWSON and GOODWIN, JJ., concur.