278 So.2d 761

**Peter GARSED**

v.

**STATE.**

**I Div. 276.**

Court of Criminal Appeals of Alabama.

May 29, 1973.

313

Ian F. Gaston and J. D. Quinlivan, Jr., Mobile, for appellant.

William J. Baxley, Atty. Gen., and David Lee Weathers, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant was convicted of selling marijuana and sentenced to imprisonment for six years in the State penitentiary.

### I

Appellant filed a plea of former jeopardy and demanded a jury trial of the issues. Demurrer was filed to the plea and sustained by the court. The plea was then amended. No responsive pleading was filed to the plea as amended, but the court heard evidence outside of the presence of the jury and found for the State.

The amended plea required that the State either demur thereto, file a motion to strike, or take issue thereon, in which latter case the evidence should have been heard before a jury. Harmon v. State, 48 Ala.App. 521, 266 So.2d 325, cert. den. 289 Ala. 744, 266 So.2d 328; Powers v. State, 49 Ala.App. 690, 275 So.2d 369.

However, though the court committed error in its action above pointed out, we do not prefer to base a reversal of this case thereon since the record discloses other error which must work a reversal.

It is well to point out that the plea of former jeopardy, as amended, was insufficient, and the elements of former jeopardy do not appear therein. Former jeopardy for a defendant attaches when a jury has been empaneled and sworn in a court of competent jurisdiction to try defendant for the offense charged and a sufficient indictment for the offense is read to the jury and pleaded to by defendant. Lyles v. State, 41 Ala.App. 1, 122 So.2d 724, cert. den. 271 Ala. 234, 122 So.2d 726; Artrip v. State, 41 Ala.App. 492, 136 So.2d 574.

### II

Before pleading to the indictment, the appellant filed a motion to dismiss the indictment, demurrer to the indictment, motion to produce, motion to strike the plea of former jeopardy, and a motion to continue this case on good behavior of appellant. We have examined these motions carefully, and in our opinion there was no error in the action of the court in striking or overruling these pleadings.

### III

The State, as a preliminary to introducing an inculpatory statement of appellant, examined a witness with regard to giving the *Miranda* rights to the appellant, all over the objection of appellant to the presence of the jury when this was done and was overruled by the court. However, the jury was shortly thereafter excused from the courtroom, and the preliminary examination of appellant proceeded. The court, over objection of appellant, ruled the alleged statement admissible, and the jury was returned for further examination of the witness along this line of inquiry, the statement then being admitted into evidence over objection of appellant.

This procedure was irregular and improper. When a confession or inculpatory statement was sought to be introduced by the State, the testimony on voir dire, whereby the court must determine the admissibility of the statement, should be made outside the presence of the jury and the ruling of the court made before the jury is returned to the courtroom. Duncan v. State, 278 Ala. 145, 176 So.2d 840.

The failure, over objection, of the trial court to observe this rule is reversible error. Smith v. State, 282 Ala. 268, 210 So.2d 826. Here, the appellant requested that the trial jury be excluded and there was conflict in the testimony. Such refusal was therefore prejudicial error. Duncan v. State, supra; Smith v. State, supra.

At the time the appellant made the alleged statement, above referred to, to Officer Smith, there were two other police officers present. The State offered only Officer Smith as a witness to the proceedings. The defendant did not offer either of the other officers as witnesses in a denial of what Officer Smith had testified, but denied making the statement himself. However, the appellant urges that under the circumstances it was incumbent upon the State to offer the testimony of the oth-

er two officers and that the trial court erred to a reversal in denying appellant's motion to strike the testimony of Officer Smith from the jury. In support of this argument, he cites Carr v. State, 17 Ala. App. 539, 85 So. 852.

In the *Carr* case, supra, it appears that there were several officers present at the time of the confession of the defendant (which was denied by defendant) and that the State used only one of those present as a witness. On voir dire examination of this witness, it appears his testimony was limited as *to a denial that he made any offer of inducements or threats etc., in order to obtain the confession of the defendant and that he was never asked and there was no proof as to whether the others present said or did anything by way of threats or offer of inducement or etc., calculated to obtain a confession.* It further appears that there were other circumstances in the *Carr* case, supra, not present here which influenced the court in its holding that the confession was not voluntarily obtained and therefore inadmissible. We do not agree that the State's failure to offer the other two witnesses in the case at bar conclusively shows that the burden cast upon the State to prove the voluntary character of the confession fell short under the circumstances.

We think the question of admissibility of this confession was a matter of fact for the decision of the court, and no error appears in this respect.

## IV

The testimony offered by the State tended to show that two State officers, working in the Narcotics Information Division, called the appellant at his father's home in Daphne, Alabama, on the telephone from a motel room in Mobile and advised him that they wanted to buy some narcotics. After some conversation as to whom the officer knew in Auburn (who were dealing in narcotics) whom the appellant also knew, the appellant agreed to come to the motel room where the officers were. He, accompanied by another person later identified by him as his cousin, did appear at the motel room occupied by the officers, knocked on the door, and at that time identified himself, and the officers identified themselves as Jet and Jerry only. After some discussion of the price, they bought and paid for several bags of marijuana. The substance that they bought was examined and determined to be marijuana by a State toxicologist, and the appellant was later arrested and charged with the sale thereof.

Appellant himself testified that he had on hand a quantity of marijuana, which he had buried as a precaution to keep it from being found by any law officers, and that later he decided to sell it and use the money to attend the last quarter at Auburn University where he was a senior. This is in substance the testimony of the circumstances leading up to and including the sale of the marijuana which was not specifically denied by appellant.

As we view the import of this evidence, there is nothing therein to support the defense of entrapment, and there was no error in the court's action in refusing to submit this issue to the jury, either by oral charge or written requested charges by the appellant. Dodd v. State, 32 Ala.App. 307, 26 So.2d 273; Johnson v. State, 36 Ala. App. 634, 61 So.2d 867; Nelson v. City of Roanoke, 24 Ala.App. 277, 135 So. 312, cert. den. 223 Ala. 317, 135 So. 314; Webb v. State, 42 Ala.App. 385, 166 So.2d 510; Harris v. State, 42 Ala.App. 264, 160 So.2d 511 (See numerous cases cited in Alabama Digest, Criminal Law, Volume 6, ⬥ No. 37).

## V

At the request of the appellant, the court gave several charges in writing and refused charges 6, 11, 12, 13, 14, 15, 18, 19, 20, 21, 22, and 23.

Charges 18 and 19 were affirmative in nature and were properly refused.

Charges 14 and 15 on reasonable doubt were adequately covered by the oral

charge of the court and certain written charges given for the appellant.

Charges 6, 11, 12, 13, 20, 21, 22, and 23 were based on the doctrine of entrapment. The appellant also requested the court to include the law of entrapment in his oral charge which request was denied by the court. As we view the testimony, the substance of which is hereinabove set out, there was no evidence to support this theory of defense and therefore the court's action in refusing to give the written charges or to charge orally was not error.

## VI

Appellant argues strenuously that the court erred in overruling appellant's objection to certain argument of the assistant district attorney with regard to the whereabouts of the witness alleged to be with appellant at the time of the sale of marijuana.

The record reflects that the following occurred during the argument of the assistant district attorney to the jury:

"MR. GRADDICK: It wasn't a situation where they waited and waited and waited. Two hours later there's a knock on the door. There's two boys standing there, and one of them is Peter Garsed. The other boy is the boy who the officers testified had an english (sic) accent and the last witness you heard, Happy Whatley, called by the Defendant, he said as soon as they let him go, he got on a plane and flew to England. Well, this boy was with the Defendant on that day. He was with the Defendant. He came into the room and he stood there and he watched the entire transaction and he was with the boy and arrested, we . . . I don't know whether he was arrested, or not. Ward, or . . . or . . . Smith, said they thought they had arrested him and didn't have probable cause. Mr. Whatley says he doesn't recall, but there was something there that they took him down too. But he observed the entire transaction. He's

a cousin, alleged cousin, of the Defendant. The man is charged with a felony of selling marijuana. Where is he?

"MR. HAAS: Just a minute. I object. I object to the Assistant District Attorney arguing with the jury concerning the person he says was the Defendant's cousin and saying, 'Where is he?.' In the first place, he's just as available as a witness to the State or the Defendant. In the second place, I know of no legal process or requirement, as far as that's concerned, that the Defendant bring someone from England to Mobile, Alabama.

"MR. GRADDICK: Judge, I'm not arguing that there's a legal requirement.

"THE COURT: All right, overruled. Let's go. [Tr. p. 219]

. . . .

"MR. GRADDICK: But where is he? Did he come here and testify that he saw this whole transaction?

"MR. HAAS: Now, Judge, this is

. . . .

"MR. GRADDICK: That he was with the Defendant the whole time?

"MR. HAAS: . . . [T]his is an improper argument. It's arguing, where is he? Did he come here and testify, referring to the other person's cousin. He's just as available to the State; probably more so, since they have the funds to pay for it.

"MR. GRADDICK: We don't have the power to subpoena someone outside of the State of Alabama, Judge, and Mr. Haas knows it.

"MR. HAAS: And neither does the Defendant.

"THE COURT: All right. . . .

"MR. HAAS: Except that he's a cousin.

"THE COURT: Sustain the latter objection. Let's go on, gentlemen.

"MR. HAAS: I ask the Court to . . . (both attorneys talking at one time.) Judge, when you have ruled against the State, would the Court please instruct counsel not to go forward once he's been ruled out on the subject? I was getting ready to ask the Court to instruct the jury to disregard that portion of his argument.

"THE COURT: All right. The latter part of the argument, in which the Court sustained the objection, you should disregard, ladies and gentlemen of the jury. All right, let's go on.

"MR. GRADDICK: Well, keep that part of what I'm saying in your minds if you can. You're not supposed to use it as evidence, but.   .   .   .

"MR. HAAS: Just a minute, now! He says to the jury after Your Honor's ruled against him, 'Keep that part of the argument in mind.' Now, that is highly improper.

"MR. GRADDICK: Judge, I haven't finished my  .   .   .   .

"MR. HAAS: You're running this Court, Judge, not Mr. Graddick.

"MR. GRADDICK: Judge, have I ever said that I was running the Court?

"THE COURT: All right, gentlemen. I'm  .   .   .   as I stated yesterday, you only have to contend with each other. It's my requirement to contend with both of you, so let's go on with it. Again, ladies and gentlemen of the jury, that part the Court instructed you not to consider, you should not consider. [Tr. pp. 220–221]

.   .   .   .

"MR. GRADDICK: Now his cousin again, uh  .   .   . alleged cousin, was standing right there watching all of this. We don't know what his cousin saw, do we?

"MR. HAAS: Judge, how, Your Honor has ruled adversely to counsel on that issue, and he has again, I think, for the second time after your ruling, referred to it. I object to the portion of his argument where he said, 'We don't know what his cousin saw, do we?'

"THE COURT: Overruled.

"MR. HAAS: We except."

[Tr. p. 222]

■    It is the general rule that one party may not comment unfavorably on the other party's failure to produce a witness supposedly favorable to that party if the witness is equally available (or as in the case at bar unavailable) or accessible to both sides. Waller v. State, 242 Ala. 1, 4 So.2d 911; Rueffert v. State, 46 Ala.App. 36, 237 So. 2d 520; Kissic v. State, 266 Ala. 71, 94 So.2d 202; Morgan v. State, 49 Ala.App. 330, 272 So.2d 256, cert. den. 289 Ala. 747, 272 So.2d 261.

■    The appellant made reasonable and proper objections to this argument, which objections were overruled twice by the court. In our opinion, under the authorities cited above, this action of the court was reversible error.

The late case of Morgan v. State, supra, discusses the rationale and application of this rule to various situations and is an apt authority here.

For the errors hereinabove pointed out, the cause must be reversed and remanded.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Reversed and remanded.

All the Judges concur.