281 So.2d 286

*Bennie* **RICHARDSON**

v.

**STATE.**

1 Div. 238.

Court of Criminal Appeals of Alabama.

July 26, 1973.

John Coleman, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

ON REHEARING

PER CURIAM.

Judgment was affirmed on December 5, 1972 with no opinion.

Appellant was indicted for first degree murder. The indictment charged that he killed Johnnie Pearl Williams by choking her.

We excerpt from the transcript of the evidence as follows:

"Q. Did Johnnie Pearl drink a lot?

"A. Did she drink a lot?

"Q. Un huh?

"A. She bought it and drank it; I never seed her drink a lot, because she worked four days out of the week.

"Q. She drank a lot of wine?

"A. I don't know.

"MR. YOUNG (for the State): I object.

"THE COURT: What is the purpose of that?

"MR. COLEMAN (for defendant): I'm trying to show from the witnesses—I'm trying to impeach the previous witness that said she didn't drink and too I'm trying to show Johnnie Pearl was drunk.

"THE COURT: Did that give anybody the right to choke her?

"MR. COLEMAN (for defendant): I object. The evidence presented by the boy said that he drug the woman in the house and I'm trying to show she was drunk.

"THE COURT: Sustain the objection.

"MR. COLEMAN (for defendant): Except."

Appellant here asserts that the remarks of the court, "Did that give anybody the right to choke her?", was a comment on the evidence and reversible error.

If the words "I object", immediately preced by remarks of the court, were intended

to be addressed to the court's comment, supra, there was no ruling on the objection. The sustension was referable to the objection made by Mr. Young for the State, supra.

 The defendant noted an exception, supra, to the ruling of the court [the necessity for an exception was abolished on April 1, 1955 by Title 7, § 818(1)]. This exception, although unnecessary, shows that the defendant treated the ruling of the court as having been addressed to the State's objection. Review here is limited to those matters upon which action or ruling at *nisi prius* was invoked and had. Gilley v. State, 22 Ala.App. 184, 113 So. 650(2).

However, it is to be noted that the trial court's ruling on another objection of the defendant to a remark of the trial court which defendant contends was a comment on the evidence is as follows:

"THE COURT: Yes, and I retract that. I don't know what the evidence is; you are the one that determines what the evidence is and what Mr. Coleman says or what Mr. Young has to say has nothing to do with it; it is what you know that you heard from this stand, and you know what the witnesses said about this woman drinking."

Also in its oral charge to the jury, the court told the jury:

" * * * In this case I believe death was caused by crushing the part of the throat in here, indicating—I want to say larynx—As I say, I don't comment on the evidence—that is up to you, but you heard the testimony."

 We hold that the jury was adequately informed under the aforequoted latter aspects that they were the judges of the evidence, and that the court was not empowered to comment thereon.

The record is free of prejudicial error, and we adhere to our affirmance.

The application for rehearing is

Overruled.

All the Judges concur.