DAVIS, Circuit Judge.
This is an appeal from a conviction of first degree murder and the imposition of a life sentence.
At approximately two o’clock on the afternoon of July 20,1975, the defendant and her infant daughter were seen at the Druid City Hospital emergency room. The infant was approximately four to five weeks old, was a black female and was dead on arrival. The homicide division of the Tuscaloosa City Police Department was contacted. Chief Warren Miller, Detective Adolph South and Investigator Don Lake arrived at the hospital where photographs of the victim were made and where Chief Miller had some conversation from time to time with the defendant, Theresa Burgess, outside the hearing of Detective South. After approximately three hours had elapsed, the defendant rode with Chief Miller in his automobile to Police Headquarters. At five-thirty-five, P.M., in the presence of Chief Miller and Juvenile Officer Horace Hodge, Detective South explained to the defendant her constitutional rights and a rights form was executed. Detective South testified that neither he nor anyone in his presence threatened or coerced Miss Burgess in order to get her to make a statement. Detective South further testified that neither he nor anyone in his presence offered any reward or hope of reward to Miss Burgess if she would make such a statement. A statement was made as subsequently testified to by Detective South during the course of the trial.
In her statement, Theresa Burgess said that on one previous occasion the infant had suffered a broken arm which was treated and placed in a cast. She said she spanked the baby to make it quit crying, several times with her hand and two or three times with a belt. She stated that she threw the baby onto the bed several times and onto the living room sofa several times. She stated that she would hold the baby by its feet or ankles, turn around, let the baby loose and let the baby land on the bed or. sofa.
Theresa Burgess was evaluated at Bryce Hospital and the report of that facility indicated that she was competent to stand trial and that, at the time of commission of the act, she was not under the influence of any mental disease or defect so as to destroy or impair her criminal responsibility. Dr. Lower, Clinical Coordinator of the Forensic Program of Bryce Hospital testified during the trial that Theresa Burgess has an I.Q. of 61 which is classified as being in the mildly mentally retarded range and that: “Miss Burgess is an individual who tends to have a lot of trouble controlling her impulses and when she is under pressure, she tends to blow up and to not seem to be able to control herself as most of us do.” Dr. Lower also testified that she “. . .in fact was probably unable to control her impulses because she was very upset at the *123 time and all the problems she was having with this child.” Dr. Lower testified that Theresa Burgess could probably distinguish between right and wrong at the time the acts occurred but that she may have been faced with an irresistible impulse to do some act. The defendant’s mother and step-father testified that at times the defendant did not appear to be aware of what was going on around her. They further testified that Theresa was around 21, a high school graduate and the mother of another child, Shawn, age 2 years. Theresa Burgess testified that she never meant to hurt her baby.
There are three arguments presented on appeal:
I
It is the contention of appellant that the Court erred to a reversal in admitting appellant’s statement which describes her discipline of the month-old infant daughter. The State, preliminary to offering the statement, examined Detective Adolph South with regards to the giving of the Miranda rights. Thorough voir dire, outside the presence of the jury, revealed that Detective South was only one of several law enforcement officers present during the taking of the statement and, further, that Detective South did not overhear conversations had between the appellant and Police Chief Miller several hours prior to the giving of the statement offered. Detective South was the only law enforcement officer to testify. We have previously said that the State’s failure to offer other witnesses does not conclusively show that the burden cast upon the State to prove the voluntary character of the confession falls short. Garsed v. State, 50 Ala.App. 312, 278 So.2d 761.
Nor, do we accept the argument that the fact that the appellant is mildly mentally regarded taint the voluntariness of the statement. This would be a matter properly submitted to the jury which would bear on the weight and effect of the statement. Allred v. State, 55 Ala.App. 74, 313 So.2d 195. Here, as in the Allred case, the jury was charged on the question of sanity. There was no objection to the charge.
II
Appellant next argues that the denial of her motion to exclude and dismiss the State’s case is tantamount to reversible error in that the standards of the irresistable impulse test had been met. We disagree. This Court has held that the opinion of expert witnesses as to insanity are not conclusive and, even though it is without conflict, the jury may reject it all. Smith v. State, 54 Ala.App. 237, 307 So.2d 47. After thorough examination of the record on the point of insanity, we do not find the evidence of insanity is overwhelming and un-contradicted so as to justify the trial Court in so instructing the jury.
III
A photograph, depicting the infant victim, was admitted into evidence over objection by appellant that there was no probative value to outweigh its inflammatory and prejudicial nature. Appellant had previously admitted to the issues that the photograph tended to meet and the Court was very specific in its ruling. A number of photographs of the dead infant were offered and the photograph in question was the only such one received into evidence by the Court. The Court indicated that it would allow the one photograph to be received to “avoid any question about the identity of the child and mainly for that purpose”. The Court also indicated that “As a whole, I do not think the pictures are of such a nature that they are inclined to inflame the jury . . . ” Where such a photograph tends to shed light upon a material fact, it is admissible. Cook v. State, 52 Ala.App. 159, 290 So.2d 228.
While not entertaining the argument that admissions of the nature made by the appellant in this case may have the effect of barring the State the impact of its documentary evidence, we do feel one solution offered by Wigmore is best:
*124 “. . . Hence, there should be no absolute rule on the subject; and the trial Court’s discretion should determine whether a particular admission is so plenary as to render the first party’s evidence wholly needless under the circumstances.” 9 Wigmore, Evidence, § 2591 (3d ed. 1940). [Footnote omitted.]
We discover no error in the Court allowing the photograph into evidence.
After carefully examining this record, as required by Title 15, Section 389, Code of Alabama 1940, we find the same to be free of error.
The foregoing opinion was prepared by Hon. John W. Davis, Circuit Judge, temporarily on duty in the Court pursuant to subsection (4) of § 38, T. 13, Code 1940, as amended; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.