This case is before us on writ of certiorari to the Court of Criminal Appeals, 502 So.2d 821. Although, after preliminary examination, we initially granted the writ in order to review the issue raised in the petition,[1] after reviewing the briefs submitted by the parties, we are of the opinion that we cannot reach the merits of this issue.
Petitioner argued in his petition that the decision of the Court of Criminal Appeals is in conflict with the holding of the United States Supreme Court in Michigan v. Clifford, *Page 829 464 U.S. 287, 104 S.Ct. 641, 78 L.Ed.2d 477 (1984). Specifically, he argued that certain evidence seized by the authorities and introduced in his trial on the charge of arson in the second degree, in violation of Code of 1975, § 13A-7-42, should have been suppressed. However, our examination of the petition reveals that the petitioner has failed to comply with the requirements of Rule 39(k), A.R.App.P., which provides, in pertinent part, as follows:
 "The review shall be that generally employed by certiorari and will ordinarily be limited to the facts stated in the opinion of the particular court of appeals. If the petitioner is not satisfied with that statement of facts, he may, on application for rehearing in that court, present any additional or corrected statement of facts and request that court to add or correct those facts in its opinion on rehearing. If the court fails to accede to this request, petitioner may copy the statement in the petition to this court, with references therein to the pertinent portions of the clerk's record and reporter's transcript, and it will be considered along with the statement of facts in the opinion of the appellate court, if found to be correct."
See also Ex parte Grear, 484 So.2d 381 (Ala. 1985).
The only facts stated in the opinion of the Court of Criminal Appeals that relate to this issue are to the effect that the evidence seized and admitted at trial was found by the authorities while they were conducting an investigation, immediately after the fire, to determine the origin of the fire and to insure against the danger of rekindling caused by any remaining "hot spots." Such an investigation is not prohibited by the Fourth and Fourteenth Amendments to the United States Constitution. See Michigan v. Clifford, supra; Michigan v.Tyler, 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978). Without a more complete and/or corrected statement of the facts, as provided for by Rule 39(k), A.R.App.P., we can reach no other decision.
Therefore, we are of the opinion that this writ must be quashed as improvidently granted.
WRIT QUASHED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.
[1] Our examination of the petitioner's brief submitted in support of his petition for writ of certiorari reveals that several other issues are argued. We cannot reach these issues. It has long been settled that this Court can only address those issues that are set out in the petition as grounds for certiorari. See Rule 39, A.R.App.P.; Nix v. State, 271 Ala. 628, 126 So.2d 123
(1961); Liberty National Life Ins. Co. v. Stringfellow,265 Ala. 561, 92 So.2d 927 (1957).