STUART, Justice
(concurring specially).
The trial court has a duty to ascertain whether a defendant has personally waived his right to testify. See Reeves v. State, 974 So.2d 314 (Ala.Crim.App.2007). However, to reach the merits of whether Leon Barnett personally waived his right to testify, a determination must be made as to whether Barnett was voluntarily absent from his trial. This question, although presented to the Court of Criminal Appeals, is not before us. The facts from the record indicate that Barnett was present on the first day of trial and that, at the close of the first day of trial, Barnett was aware that the State had rested and that his defense would begin the next morning. Barnett did not appear the next morning. The Court of Criminal Appeals reviewed the record and concluded that Barnett had voluntarily waived his right to be present. In his petition to this Court seeking certio-rari review of the decision of the Court of Ci’iminal Appeals, Barnett did not challenge the holding that he was voluntarily absent from his trial. Nothing in his petition provides a ground for review of the conclusion that his absence was voluntary. Thus, we are bound by the Court of Criminal Appeals’ conclusion that Barnett was voluntarily absent from the second day of his trial. See Rule 39, Ala. R.App. P.; Ex parte Franklin, 502 So.2d 828, 829 (Ala.1987)(this Court can address only those issues that are pleaded in the petition as grounds for certiorari review).[1] Accordingly, because of his voluntary absence from the courtroom and his refusal to participate in his defense, Barnett waived his right to testify. Neither his counsel nor the trial court prevented Barnett from testifying; therefore, the holding in Reeves is not violated and quashing the writ is proper.
BOLIN, J., concurs.

. It is problematic that the conclusion of the Court of Criminal Appeals is minimally supported by the record; however, adherence to our rules of procedure and caselaw precludes our consideration of this issue.