(93 South. 49)

**O'NEAL v. STATE. (7 Div. 719.)**

(Court of Appeals of Alabama. April 4, 1922.)

**1. Intoxicating liquors ⊚⟹216—Indictment charging manufacture of spirituous liquor held sufficient**

An indictment charging that defendant did distill, make, or manufacture spirituous or alcoholic liquors or beverages contrary to law *held* sufficient to charge the offense of manufacturing intoxicating liquor, a part of which was alcohol.

**2. Criminal law ⊚⟹1053—Remarks of court cannot be considered, where no exception was reserved.**

Any error in remarks of the trial court cannot be considered on appeal, where no exception was reserved to the remarks.

**3. Criminal law ⊚⟹1063(5)—Solicitor's remarks not reviewed, in absence of motion for new trial.**

Where defendant's motion was granted, and alleged objectionable remarks of the solicitor were withdrawn, the matter will not be reviewed, in the absence of a motion for new trial.

Appeal from Circuit Court, Randolph County; Lum Duke, Judge.

Will O'Neal was convicted of violating the prohibition law, and he appeals. Affirmed.

The indictment is as follows:

The grand jury of said county charge that since January 25, 1919, and before the finding of this indictment, Will O'Neal did distill, make, or manufacture spirituous or alcoholic liquors or beverages contrary to law, etc.

The demurrers raise the point that the indictment fails to charge that any part of the liquors alleged to have been manufactured contained alcohol.

R. J. Hooton, of Roanoke, for appellant.

The demurrers should have been sustained. Section 15, Acts 1919, p. 16. Counsel discuss other assignments of error, but without further citations of authority.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The indictment was sufficient to charge the offense of manufacturing liquor, a part of which was alcohol,

and was not subject to any of the grounds of demurrer assigned.

[2] After several questions had been asked defendant's witness, to which objections were sustained, defendant's counsel stated:

"We expect to show by the evidence that Sam Bolen was the third man that was at the still, and not the defendant, and that he ran up there just before these other gentlemen came up."

In reply to this the court said:

"You can show, if you want to, that Sam Bolen came from that still up there."

No exception was reserved to this, and therefore there is nothing for this court to pass upon.

[3] The excerpts from the solicitor's remarks were withdrawn from the jury, and the motion of defendant granted, and in the absence of a motion for a new trial this court will not review it. Bean v. State, ante, p. 281, 91 South. 499.

We find no error in the record, and the judgment is affirmed.

Affirmed.