4 So.2d 917

## WALLER v. STATE.

### 4 Div. 219.

Supreme Court of Alabama.

Oct. 16, 1941.

Rehearing Denied Dec. 18, 1941.

See also Waller v. State, post, p. 1, 4 So.2d 911.

Thos. S. Lawson, Atty. Gen., and Jas. A. Hare, Asst. Atty. Gen., for the petition.

D. M. Powell, of Greenville, Powell, Albritton & Albritton, of Andalusia, and B. W. Simmons, of Opp, opposed.

BOULDIN, Justice.

We see no occasion to question the principles of law fully discussed in our decision on former certiorari in this cause, post, p. 1, 4 So.2d 911.

That the evidence of the father of the accused, if favorable to him, would have been cumulative of his own testimony, a defendant on trial for a serious felony, does not, in our opinion bring this case within the rule excusing the production of evidence merely cumulative. Such rule is applicable when the basic reason therefore is applicable. That there was no evidence of the presence of the father in the court room, we do not deem important. Such fact, open to observation by court, counsel and jury need not be specially proven, nor appear in the record. If the statement of the solicitor in that regard was untrue, objection should have been directed thereto.

Since the Court of Appeals has further clarified the exact state of the record, as disclosed by the decision now under review, we are impressed that it was not within the province of the solicitor to assume the father was at home from seven to nine o'clock the following morning, and base his comments on such assumption; nor do we approve the suggestion that if not at home the son should have introduced the father to prove that fact. Such suggestion carries an imputation of concealing testimony because of failure to produce evidence that such testimony was not available. This court does not hold that the cause should have been reversed because of this incident. But we do hold the question of injury, under the whole record, was for the Court of Appeals; the responsibility of that court, not of this court.

Without further comment we conclude the present petition for certiorari is due to be denied.

Writ denied.

All Justices concur.

KNIGHT, J., not sitting.