TYSON, Presiding Judge.
The indictment charged that the appellant did “unlawfully sell, furnish, or give away 510 milligrams of cocaine, a narcotic drug, to Howard Wayne Lowe . . ..” The jury found the appellant guilty as charged, and the trial court fixed his sentence at six years imprisonment in the penitentiary. Appellant’s motion for new trial was overruled.
In August of 1974, Jefferson County Deputy Sheriff Howard Wayne Lowe was working on a special assignment as an undercover agent with the United Narcotics Detail Operation (U.N.D.O.). On August *30 16, 1974, around 7:20 p. m., Deputy Lowe, Sergeant James Smith (Lowe’s U.N.D.O. supervisor) and their informant, Rick Hix-on, arrived at the Villa Maria Apartments which are located near Centerpoint, Jefferson County, Alabama. Sergeant Smith, who had followed Deputy Lowe and Hixon to the apartment complex in another car, parked his vehicle across the street from appellant’s apartment, No. 3279 A, and observed as Deputy Lowe and Hixon knocked on Appellant’s door. Deputy Lowe and Hixon were allowed to enter the apartment by an unidentified white male and were therein introduced to several people. Deputy Lowe then walked into the kitchen where he found the appellant and two other persons eating supper. Upon finishing his meal, appellant got up from the table, walked to the living room, motioned to a Henry Publow to follow, then he, Publow, and Deputy Lowe went to the back bedroom. There appellant opened a Marlboro cigarette box, took out two “magazine packs,” opened one pack and displayed the contents (cocaine) to Deputy Lowe. Pub-low informed Deputy Lowe that the price of the two “magazine packs” would be $120.00, and Deputy Lowe gave Publow six twenty dollar bills to make the purchase. Deputy Lowe and Hixon then left the apartment and drove to the Ramada Inn motel in Hoover. Sergeant Smith followed them to the Ramada Inn, and there Deputy Lowe turned the controlled substance over to him. Sergeant White sealed the cocaine in a small envelope and placed it in a metal lock box in the trunk of his car where it remained until he turned the envelope over to State Toxicologist Gerald Wayne Burrow three days later. Mr. Burrow testified at-trial that the envelope he received from Sergeant White contained 510 milligrams of cocaine. The appellant was not arrested for this offense until March 5, 1975, due to Deputy Lowe’s continued employment with U.N.D.O. as an undercover agent.
At trial, the appellant presented an alibi defense, and through his witnesses sought to establish that on the night in question he had been in the continuous presence of his girlfriend and parents from 6:30 p. m. to 9:00 p. m. The appellant emphatically denied the sale of cocaine to Deputy Lowe.
I
During the direct examination of State Witness Deputy Lowe, the district attorney asked the following question to which appellant’s counsel immediately objected and moved for a mistrial.
“Mr. Lowe, do you know, of your own knowledge, if after this occurrence on August 16,1974, Rick Hixon was arrested for burglary?” (R. 24)
Appellant’s objection and mistrial motion were entered before Deputy Lowe was able to answer. The trial judge promptly removed the jury from the courtroom, then questioned the district attorney as to his purpose in propounding the question. The district attorney stated that “from the State’s side, we didn’t have anything to hide [from the jury],” and it was his purpose to bring out the fact that their informant, Rick Hixon, who had worked this case with Deputy Lowe and Sergeant White, had subsequently been charged with and plead guilty to burglary (R. 25). When the jury was brought back into the courtroom, the trial judge instructed the jury “not to consider that remark that was made about this person [Rick Hixon] about what may or may not have happened at some later time”; that such had no bearing on the guilt or innocence of the defendant and was to be entirely disregarded. The trial judge then asked the jury if there was anyone among them who could not disregard the question and completely expel it from their mind; that if no juror could do so, he should raise his hand (R. 29-31). The record reflects that no juror responded to the trial judge’s inquiry, and in light of the instructions given, we are of the opinion that no error resulted. Adair v. State, 51 Ala.App. 651, 288 So.2d 187; Retowsky v. State, Ala.Cr.App., 333 So.2d 193; Shadle v. State, 280 Ala. 379, 194 So.2d 538.
II
Appellant further contends that the following three statements made during the *31 district attorney’s closing argument, to which objection was duly overruled, constitute reversible error (R.130-131).
“1. Ladies and gentlemen, it is time to quit feeling sorry for the defendants;
2. And it is time to feel sorry for the victims in the cases;
3. If you feel sorry for the defendant, you have got to feel sorry for the people who get messed up on this same thing . ..”
We are of the opinion that the above statements did not transcend the bounds of legitimate argument. Here, the district attorney was pointing out the evils which arise from the improper use of drugs and their consequences. Such is clearly within the legitimate inferences which may be drawn from all the evidence in this cause. We find no error.
It is permissible for a prosecutor to comment generally upon the evils of the crime which the law he is seeking to enforce intends to prevent. Robinson v. State, 37 Ala.App. 403, 71 So.2d 843; See Barnett v. State, 52 Ala.App. 260, 291 So.2d 353; Cooper v. State, 55 Ala.App. 576, 317 So.2d 543.
We have carefully examined the entire record, as required by Title 15, Section 389, Code of Alabama 1940, and find no error therein. The judgment is due to be and the same is hereby
AFFIRMED.
All the Judges concur.