Appellant was charged with robbery in the first degree. He was subsequently convicted of the charge and sentenced to 10 years imprisonment.
The State's first witness was the victim, Hart White. Mr. White, a 76 year old electrician, testified that, at 1:30 p.m. on February 2, 1980, he left a local barber shop where he and some friends had been watching a televised basketball game and walked to a package store to get some whiskey for his friends. After leaving the store for the return trip to the barber shop, Mr. White was approached by two black men. One of the men asked the victim for a cigarette. When Mr. White replied that he did not smoke, the assailant responded, "Well, give me what you got in your pocket." The assailant then walked behind Mr. White and held a knife to his throat. As the assailant held Mr. White at knife point, his partner went through the victim's pockets. The two men took the whiskey the victim had bought and Mr. White's wallet containing $120.
Mr. White was asked if he could identify the assailant. He responded affirmatively and made an in-court identification of the appellant as the man who held the knife on him. Mr. White stated that he saw appellant's face while appellant went through his pockets and the victim was able to describe with some detail appellant's appearance at the time. He also stated that the transaction took approximately 25 minutes.
After the state rested, appellant testified that he was at home with his family the day the robbery occurred. Other members of his family substantially corroborated the appellant's alibi.
The state, on rebuttal, placed Detective Bino Barefield, of the Birmingham Police Department, on the stand. Detective Barefield, over the objections of the appellant, was allowed to testify that the victim identified appellant as his assailant from a pretrial lineup. *Page 1275 
Appellant's only contention on appeal is that appellant's Sixth Amendment rights were violated in that he was improperly denied assistance of counsel during the pretrial lineup. Consequently, appellant argues that the trial court erroneously allowed into evidence the lineup identification testimony of Detective Barefield. Appellant never moved that the victim's in-court identification be excluded.
Further, appellant never contended that the pre-trial lineup was in any way unduly suggestive or that there was any high risk of misidentification. The evidence suggests that the lineup was properly conducted. Detective Barefield testified that six black men, all dressed alike and all of roughly the same age, were used in the lineup. Mr. White spent only about one minute studying the participants before he emphatically picked appellant from the lineup. The lineup was conducted four days subsequent to the crime.
Appellant bases his contention on the United States Supreme Court's mandate that a defendant is entitled to the assistance of counsel during certain pre-trial lineups. The court held inKirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411, that this right does not attach until the time "adversary judicial proceedings" have been initiated against the defendant. Appellant in the present case had no attorney at the lineup.
On the day of the lineup, a Jefferson County judge issued a warrant for appellant's arrest based on an information sworn by the victim in which the victim charged appellant with the crime of robbery. At least one case has held that issuance of such a warrant marks the beginning of an "adverse judicial proceeding" and consequently requires the assistance of counsel at a subsequent lineup or an intelligent waiver of such rights.United States ex rel. Robinson v. Zelker, 2d Cir., 468 F.2d 159
(1972).
However, assuming arguendo that such a warrant began prosecution for purposes of the Sixth Amendment, there is no evidence in the record that the warrant was issued before appellant was subjected to the lineup. Detective Barefield only testified that he met the victim at his office at City Hall and transported him to the City Jail for the lineup. The lineup occurred at 10:25 a.m. on February 13. The warrant of arrest did not have the time it was issued on it, but the warrant was not received in the Sheriff's Office until 2:23 p.m., February 13. Appellant was apparently not booked at the County Jail until 7:55 p.m., February 13, 1980.
If any inference is to be drawn from the evidence at all, it appears more likely that the victim first identified appellant at the lineup at 10:25 a.m., and then swore out the arrest warrant. In any event, this court can only consider a case presented in the record and will not presume a fact not shown and make it ground for reversal. McGinnis v. State, Ala.Cr.App., 382 So.2d 605, cert. denied, Ala., 382 So.2d 609
(1980).
Moreover, even if we were to find that the warrant was issued before the lineup, which we cannot from the record, there is evidence from the record that appellant was advised of his right to counsel prior to the lineup but knowingly and voluntarily waived that right.
After being advised of his rights, appellant only stated that he wished to talk. He never indicated before the lineup that he wanted an attorney.
Alibi testimony, like all other conflicting evidence in a criminal prosecution, presents a question for the jury to resolve. Ala. Digest, Criminal Law, Key No. 739 (2).
A careful search of the record reveals no error and the judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur. *Page 1276