HARRIS, Judge.
Appellant was indicted by the Russell County Grand Jury for the offense of robbery in the first degree. The jury returned a verdict of guilty and, after a sentencing hearing, appellant was sentenced as a habitual offender to life imprisonment without parole. Appellant does not raise the sufficiency of the evidence as an issue on appeal.
Mr. David Lee, age seventy-one, testified he was robbed at gun point by appellant and one accomplice at his home in Phenix City, Alabama, on April 26, 1982. About 4:00 p.m., appellant and his companion appeared in Mr. Lee’s yard and requested some water to drink. Mr. Lee went inside from his porch to get the water, but became suspicious when the men attempted to follow him into the house. He testified he recognized the accomplice, Ivory Alexander, having seen him once before. He had never seen appellant, however, before that afternoon.
Mr. Lee returned to the porch with the water the men had requested. He sat in a *529 porch chair, at which time Alexander grabbed him and jerked him from the chair to the floor, hitting Mr. Lee’s head on the door in the process. As Alexander pinned Mr. Lee’s shoulders to the floor, appellant held a pistol on him with one hand, while he searched his pockets with the other hand. Mr. Lee testified that appellant took approximately $1,100 in cash from him. The men then released him and fled the scene on foot.
Mr. Lee stated he was able to pick appellant’s photograph out of a police photographic array, and, as well, identified appellant in a police lineup on two occasions.
Mr. Homer Lockhart testified he was at his place of business on the afternoon of April 26,1982, when he heard Mr. Lee yelling for help. After traveling the short distance to Mr. Lee’s house on foot, Mr. Lockhart observed two men leave Mr. Lee’s porch and very quickly walk away.
Mr. Lockhart identified appellant in court as one of the two men he saw leaving Mr. Lee’s. He further stated that he had seen the barrel of a pistol in appellant’s hand on the afternoon of the robbery. Mr. Lockhart also stated that he was able to positively identify appellant’s photograph from a photographic array in the possession of the police.
Appellant attempted to establish an alibi defense by presenting the testimony of two friends who testified appellant may have been with them on the afternoon of the robbery, although they had trouble recalling the exact date. As well, appellant presented the testimony of Ivory Alexander, who stated that, prior to appellant’s trial, he had pled guilty to a charge of attempt to rob which had arisen out of the robbery of Mr. Lee on April 26,1982. Alexander admitted, robbing Mr. Lee on that date with the aid of an accomplice, but denied that appellant was the accomplice.
Finally, appellant took the stand in his own behalf and denied having any involvement in the robbery. He testified he was visiting with his two friends, who testified earlier at trial, on the afternoon the crime was committed.
I
Appellant contends he was denied effective assistance of counsel because, pri- or to trial, his counsel filed with the trial court an affidavit signed by the appellant which stated the following:
“My name is Arthur Weeks and I am 31 years old. I have been advised by my attorney, Michael J. Bellamy that the State of Alabama has offered to recommend 15 years if I enter a plea of guilty. I have also been advised that if the jury finds me guilty, the minimum sentence under the habitual offender law is life without parole.”
As well, appellant’s counsel accompanied the filing of the affidavit with this oral statement:
“I would further like to indicate for the record that I have had the occasion to interview all the witnesses to be called by the state and all the witnesses that the defendant has in fact requested that I subpoena, and the trial of this matter is contrary to advice of counsel.”
Appellant admits that the jury members were not present during this statement, and that they had no knowledge whatsoever of either the affidavit or the oral statement by appellant’s counsel. His sole contention is that the attorney’s actions in filing the affidavit indicated he believed appellant was guilty, thereby prejudicing the trial judge against appellant. Thus, appellant argues, the trial judge, who set “the tone and mood” of the trial, may have “subconsciously become annoyed” with the appellant for refusing to acknowledge his guilt, in order to save the State the time and expense of a trial.
Appellant’s argument of denial of effective assistance of counsel, as based upon the allegation of potential bias on the part of the trial judge, is entirely specious, speculative, and without support in the record. Appellant does not proffer any act or tendency of the trial judge during trial which indicated any bias or prejudice against the appellant. He offers no evidence of, and *530 does not allege in brief, any lack of diligence or commitment by his counsel in his representation of appellant at trial. Our review of the record reveals no evidence of such failure by the trial judge or by appellant’s trial counsel.
Appellant has failed to demonstrate that his counsel’s actions reduced his trial to a sham or a mockery, or that he was denied reasonably effective assistance of counsel. Sheehan v. State, 411 So.2d 824 (Ala.Cr.App.1981). While appellant’s counsel might well have waited until after trial to submit the affidavit, we find no error of constitutional magnitude in his action. While the inference of “presumed guilt” attached to his counsel’s actions by appellant might be drawn, the affidavit and statement may equally be viewed as indicating merely the sound advice of his trial counsel, especially in view of that which his client had to lose in the event a guilty verdict was returned by the jury.
II
Appellant asserts the trial court erred in overruling his objection to the following statement made by the prosecutor during closing argument:
“MR. DAVIS: * * * Now, why do you suppose — or I would say why would anyone suppose that Daniel Lee was chosen by these two young men to be robbed? Why did he become a victim? Because he’s an old man, ladies and gentlemen; he’s seventy-one years old, and crippled and alone. They knew he had a lot of money. That’s the kind of people that men like Arthur Lee Weeks and Ivory Jerome Alexander—
“MR. BELLAMY: We object, may it please the Court.
“MR. DAVIS: —prey upon.
“MR. BELLAMY: That’s not argument of the facts in the case, as to why.
“THE COURT: Overruled.”
Appellant argues for the first time on appeal that the prosecutor’s comment was an attack upon appellant’s character, improperly made because the appellant had not first attempted to show his good character.
The quoted comment to which the objection was addressed contained statements of facts presented at trial, as well as the prosecutor’s inference drawn from those facts. Even assuming the legitimacy of appellant’s argument, if the prosecutor’s statements contained both material, permissible matters and improper, immaterial matters, objection to the comment as a whole is properly overruled. Emerson v. State, 281 Ala. 29, 198 So.2d 613 (1967); Johnson v. State, 40 Ala.App. 39, 111 So.2d 614 (1958), cert, denied, 269 Ala. 170, 111 So.2d 620 (1959).
The comment as a whole may be viewed as a legitimate inference from the evidence which the prosecutor was entitled to make. Henry v. State, 355 So.2d 411 (Ala.Cr.App.1978).
The comment may also be viewed as a statement on the evils of the crime, which the law the prosecutor was seeking to enforce intends to prevent, rather than on the character of the appellant. Diamond v. State, 363 So.2d 109 (Ala.Cr.App.1978); Rogers v. State, 346 So.2d 29 (Ala.Cr.App.), cert. denied, 346 So.2d 31 (Ala.1977); Robinson v. State, 37 Ala.App. 403, 71 So.2d 843 (1953), cert. denied, 260 Ala. 700, 71 So.2d 846 (1954).
The comment made by the prosecutor does not approach the class of comments condemned by this Court as creating reversible error. See Ferguson v. State, 21 Ala. App. 519, 109 So. 764, cert. denied, 215 Ala. 106, 109 So. 764 (1926).
“All statements by a prosecutor which tend to convince a jury that one has committed murder must, as a natural byproduct, also be harmful to the reputation of the accused. But that is the prosecutor’s job. Error results only when a prosecutor makes a frontal attack on the character of the accused when there was no issue of character in the trial and from that attempts to extrapolate for the jury that one of such poor character is undoubtedly the type to commit the crime charged.”
*531 Harrison v. State, 340 So.2d 849, 852 (Ala. Cr.App.), cert. denied, 340 So.2d 854 (Ala. 1976).
Viewed in the light of these clearly established precedents governing arguments by the prosecutor, appellant’s argument does not establish reversible error.
Ill
Appellant’s final contention is that the trial court erred in refusing his oral request for charges on the lesser included offenses of second and third degree robbery. At trial, appellant maintained he did not commit the offense and presented alibi testimony in support thereof.
The State’s evidence made out a pri-ma facie case of robbery in the first degree. Ala.Code § 13A-8-41 (1975). The only evidence presented by appellant which could be argued as supportive of the lesser offense was the statement of the accomplice, Alexander, who testified that, if his accomplice had a gun, he did not see it. This in no wise refuted the State’s case. Therefore, the request for instructions on the lesser offense was properly excluded. Thomas v. State, 418 So.2d 921 (Ala.Cr.App. 1981).
While appellant did submit requested written charges on these matters, at no time does the record reflect that he stated to the court his grounds for asserting error in the court’s failure to so charge. Hence, the matter is not before this court for review. Allen v. State, 414 So.2d 989 (Ala.Cr. App.1982, Court of Criminal Appeals, Affirmed, 414 So.2d 993, Ala.) Alabama Rules of Criminal Procedure, Temporary Rule 14.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.