Glenn J. Ragsdale was indicted for the second degree robbery of a Junior Foods Store, by taking some $42.00 from the person of one Linda Taylor, by use of a deadly weapon, a pistol, while in the company of Lawrence A. Grass, contrary to § 13A-8-42, Code of Alabama 1975. The jury found the appellant "guilty of robbery in the second degree" and following a sentencing hearing, the trial court fixed punishment at 10 years' imprisonment in the penitentiary.
Walter Crook stated he was Deputy Sheriff of Baldwin County on February 5, 1983, when he received a radio dispatch to investigate a robbery in the Fairhope area. He observed a vehicle matching the description which had been broadcast, occupied by two white males, traveling on U.S. 98, pulled close enough to them to obtain the vehicle number and determined that such had been reported as a stolen tag, and continued to follow the vehicle. A roadblock had been established and Crook pulled in behind the vehicle containing the appellant who was seated on the passenger side, and his companion who was driving, and the two men were placed under arrest. *Page 443 
They were given their Miranda rights warning at this point. The question was asked of the appellant if he had taken any money, and some monies were found in his front shirt pocket, which the appellant stated "that was what had been given to him."
He also stated that he found a handgun under the passenger side of the vehicle which was protruding from beneath the seat.
On cross-examination, he testified that the tag on the vehicle at the time same was stopped was 2 B-49523, Alabama, registered to one Richard L. Luker, with a Mobile address. It was assigned to an American Motors Classic, white in color. The car which was stopped was a four-door, 1974 Chevrolet and the driver was one Lawrence Grass.
Charles Jones stated that he was a Fairhope policeman on February 5, 1983. He received a telephone call from Ms. Linda Taylor, who was on duty at a Junior Foods Store and reported a robbery which he then broadcast over the police network. He made a positive identification in court of the appellant and stated that he had first observed him at the police station at Fairhope. He stated that Ms. Taylor had come to the police station about two hours after the robbery, examined some photographs, and without any suggestions being made, selected the photograph of appellant. He stated that she also identified the appellant in person.
This testimony was corroborated by Fairhope Police Officer Elbert Tarver.
Ms. Linda F. Taylor stated that she was employed at the Junior Foods Store in Fairhope, Alabama on February 5, 1983. About 2:00 o'clock that afternoon, two men came into the store and asked some directions of her, which she gave them. She noted their clothing and their manner of speech. She stated that at the time, the man who returned and robbed her was seated on the passenger side, while the appellant was the party who had come in and asked directions. She stated that the two men returned a short time later and that Mr. Grass pointed the pistol at her and demanded the proceeds from the cash register, which she stated she handed to him in a paper bag and he told her that he "would blow her brains out" and "kill her" if she did not lie down on the floor and not move. After the two men left, she then telephoned Fairhope police and gave a description of the men and of the vehicle.
Ms. Taylor stated she later viewed some photographs that same afternoon and selected immediately the photograph of the appellant and subsequently made a positive in-court identification of the appellant.
The appellant's motion for a judgment of acquittal was overruled at the close of the State's case.
Lawrence Grass testified in the appellant's behalf and stated that he had committed the robbery of the Junior Foods Store at Fairhope on February 5, 1983. He testified that the appellant, Glenn Ragsdale, was an acquaintance who had simply hitchhiked a ride and that he had just picked him up and given him a ride on the date in question.
The appellant, Glenn Ragsdale, gave testimony similar to Mr. Grass.
 I
The appellant first contends that his conviction is against the great weight of the evidence, inasmuch as he was simply a "hitchhiker" in the vehicle on the date in question.
The conflict presented by the appellant's testimony and that of his companion, Mr. Grass, was one which presented a jury question. This issue was resolved against the appellant properly. Williams v. State, 412 So.2d 1274 (Ala.Cr.App. 1982);Butler v. State, 439 So.2d 210 (Ala.Cr.App. 1983) and Carrollv. State, 440 So.2d 1168 (Ala.Cr.App. 1983), cert. denied (Ala. 1983).
 II
The appellant next argues that the trial court erred in not submitting certain charges requested in writing by him to the *Page 444 
trial jury. These charges were either matters which were properly covered by the trial court's oral charge or were refused, inasmuch as they dealt with speculation, conjecture, surmise or suspicion, arising from the evidence. These charges were properly refused under the evidence because they were argumentative and invasive of the province of the jury under the evidence presented. The trial court properly refused these as the State's evidence indicated the appellant had been in the store twice on the afternoon of the robbery, was observed in the vehicle both before and after the robbery and was found in possession of some missing money following the robbery in question. Also, the pistol was found by the arresting officer underneath the seat where the appellant was observed just prior to his arrest. Clearly, the trial judge properly refused the charges herein requested by appellant's counsel. Hudson v.State, 335 So.2d 208 (Ala.Cr.App. 1976), cert. denied,335 So.2d 211 (Ala. 1976); St. John v. State, 55 Ala. App. 95,313 So.2d 215 (Ala.Cr.App. 1975), cert. denied, 294 Ala. 768,313 So.2d 218 (Ala. 1975).
 III
Finally, appellant's counsel argues that reversible error occurred during closing argument by the District Attorney as follows: (R. 124-125)
 "And then, Mr. Dyson said, `And I thought this was interesting, that Mr. Ragsdale testified exactly what Grass said.' Well, no two human beings perceive anything exactly the same way. If anything happens that more than one person sees, you get two different versions. They were trying their best to testify exactly the same. They had been over it together. They knew what they were supposed to say.
 "Then, you remember, Mr. Ragsdale was trying to say the right thing, after they left the store and then, all of a sudden they were on the roadblock and they got stopped. And then, when his lawyer coached him, prompted him — (interrupted)
 "MR. BOLTON: Judge, I object. You know, what she is doing is saying that either (sic) or Thack have done something either unethical or illegal in coaching or prompting witnesses.
 "Judge, I find that very offensive since I haven't coached or prompted any witness in this case. I just really object to that implication of Ms. Minic that Mr. Dyson or myself is doing something unethical or illegal as far as preparing witnesses for this trial.
"THE COURT: Okay. Let's move on."
At the outset, it should be noted that defense counsel interjected his argument before the State's attorney had completed her statement, i.e., "coached him, prompted him —," then the objection appears. Such statement as it appears in the record is therefore fragmentary in nature and does not contain the full statement here urged to be error.
It is the duty of counsel urging error in closing argument to be certain that the full language, deemed objectionable, is set forth so that the propriety of same is preserved in the record.McClary v. State, 291 Ala. 481, 282 So.2d 384 (1973) and cases cited.
Moreover, where as here, the trial court simply agrees by stating, "Let's go ahead" or "move on", it is incumbent upon defense counsel to make a motion to exclude, motion for mistrial or request for instructions from the trial court so that an adverse ruling is obtained which preserves the matter asserted for appellate review. Lambert v. State, 208 Ala. 42,93 So. 708 (1922); Veith v. State, 48 Ala. App. 688,267 So.2d 480 (1972); West v. State, 54 Ala. App. 647, 312 So.2d 45, cert. denied, 294 Ala. 775, 312 So.2d 52 (1975).
Moreover, the trial court in its oral charge gave the following instructions: (R. 132-133)
 "In determining what the true facts are in the case, you are limited to evidence *Page 445 
that has been presented from the witness stand as opposed to matters that have been stated by the lawyers in the course of the trial. What the lawyers have said, both for the State and for the Defendant, is not evidence in the case. What they have argued to you at various points in the trial is not evidence. They have a right and a duty at the appropriate time in the trial to comment on the evidence and to draw reasonable inferences from the evidence as they argue their respective positions to you. What they say is not evidence and you should not put what they think in a proper category in your thinking."
In view of the matters hereinabove set forth, clearly, no error appears.[1]
We have carefully considered this record and find same free of error.
The judgment appealed from is therefore due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.
[1] We do not wish to be understood as approving either the language or suggestion that counsel "coached a witness." Westv. State, supra.