The appellant, William Middleton, was found guilty of the possession of controlled substances and sentenced to fifteen years in the state penitentiary under the Habitual Offender Statute.
The appellant alleges that remarks made by the prosecutor in his opening and closing arguments denied him of his right to a fair trial and, thus, that his motion for mistrial should have been granted. The questionable comments indicated that the appellant had needle marks and tracks all over his arms, provoking the counsel for appellant to object and request instructions that the jury disregard the statements and to move for a mistrial. The trial court overruled the objections and denied the motion for mistrial. The prosecutor also made the following statement: "They are trying to protect us from dopers like the defendant right there." This statement was objected to, a motion for mistrial was made, and a request for instructions followed; all of which were overruled. Furthermore, the prosecutor remarked, "Where is Hall? Why didn't he testify?" Hall was the co-defendant. The defense counsel objected and moved for a mistrial stating, "The D.A. knows that the witness would invoke the Fifth Amendment, and he is equally available to call him and let him invoke the Fifth Amendment." The court responded "motion denied."
As to the prosecutorial comments indicating that the appellant had needle-marks and tracks all over his arms, this "comment as a whole may be viewed as a legitimate inference from the evidence which the prosecutor was entitled to make.Henry v. State, 355 So.2d 411 (Ala.Cr.App. 1978)." Weeks v.State, 432 So.2d 528, 530 (Ala.Cr.App. 1983). Thus, where a prosecutor remarked during his closing argument that "`he [appellant] was out there selling to teenagers,'" this court indicated that "[a] prosecutor may argue every legitimate inference from the evidence, and may examine, collate, sift, and treat the evidence in his own way." Malone v. State,406 So.2d 1060, 1063 (Ala.Cr.App. 1981). See also Howard v. State,479 So.2d 1321 (Ala.Cr.App. 1985) (wherein prosecutor stated in his closing that it was reasonable to assume from the evidence that there had been some selling of cocaine). Moreover, the appellant alleges that the prosecutor's reference to him as a "doper" was prejudicial; however, this court has previously held that a prosecutor's remark that the appellant was a "dope dealer" was a reasonable deduction from the evidence because controlled substances were found in and around her house. Greenv. State, 389 So.2d 537 (Ala.Cr.App. 1980). See also Ford v.State, 445 So.2d 981 (Ala.Cr.App. 1984) (wherein the prosecutor remarked that "the only regular job he had was dealing in dope"). While a prosecutor may argue his interpretation of the law, what he says is not evidence. Orr v. State,462 So.2d 1013, 1016 (Ala.Cr.App. 1984). "Statements of counsel in argument must be viewed as in the heat of debate and must be valued at their true worth rather than as factors in the formation of the verdict." Orr, supra.
"Further, control of closing arguments rests in the broad discretion of the trial judge and where no abuse of discretion is found, there is no error. [Citations omitted.] The trial judge can best determine when discussion by counsel is legitimate and when it degenerates into abuse." Anderson v.State, 469 So.2d 1362, 1364 (Ala.Cr.App. 1985). The granting of a mistrial is also within the sound discretion of the trial judge, and his decision will not be disturbed absent a clear abuse of discretion. Story v. State, 435 So.2d 1360, 1363
(Ala.Cr.App. 1982), reversed on other grounds, Ex parte Story,435 So.2d 1365 (Ala. 1983); Napier v. State, 337 So.2d 62
(Ala.Cr.App. 1976).
As to the prosecutor's comment, "They are trying to protect us from dopers like that defendant right there," "[i]n Alabama, the rule is that a district attorney in closing argument may make a general appeal for law enforcement." Ex parte Waldrop,459 So.2d 959, 962 (Ala. 1984), cert. denied, 471 U.S. 1030,105 S.Ct. 2050, *Page 728 85 L.Ed.2d 323 (1985). Thus, in Varner v. State, 418 So.2d 961
(Ala.Cr.App. 1982), the prosecutor commented, "We can't work for anything and hold on to it nowadays because people like Mr. Varner are going out and stealing it" and "this court held that the comment was within the latitude allowed prosecutors in their exhortations to the jury to discharge their duties in such a manner as, not only to punish crime, but to protect the public from like offense." Orr v. State, supra, at 1016. InPatton v. State, 384 So.2d 19 (Ala.Cr.App. 1980), the prosecuting attorney remarked in his closing argument that "we are not going to put up with heroin in our community. We are not going to put up with it getting in the veins of our children." The appellant contended that the remarks were an appeal to the passion and prejudice of the jury; however, this court determined that they could also be understood as a comment on the evils of heroin and as an appeal for law enforcement. Id. at 23. See also Allen v. State, 462 So.2d 1031
(Ala.Cr.App. 1984); Story v. State, supra; Williams v. State,455 So.2d 210, 212-13 (Ala.Cr.App. 1984); Weeks v. State,supra. From the facts in this case, it appears that this comment did not have the prejudicial effect that the appellant attributes to it. It concerns the effect of drugs on society and was not impermissible. Miller v. State, 380 So.2d 1011,1012 (Ala.Cr.App. 1980).
As to the prosecutor's comments, "Where is Hall? Why didn't he testify?" the remark drew an unfavorable inference against the appellant because of his failure to call the co-defendant to testify. "It is the general rule that one party may not comment unfavorably on the other party's failure to produce a witness supposedly favorable to that party if the witness is equally available (or as in the case at bar unavailable) or accessible to both sides. Waller v. State, 242 Ala. 1,4 So.2d 911, cert. denied, 242 Ala. 90, 4 So.2d 917 (Ala. 1941);Rueffert v. State, 46 Ala. App. 36, 237 So.2d 520; Kissic v.State, 266 Ala. 71, 94 So.2d 202 (1957); Morgan v. State,49 Ala. App. 330, 272 So.2d 256, cert. denied, 289 Ala. 747,272 So.2d 261." Garsed v. State, 50 Ala. App. 312, 317,278 So.2d 761 (1973); Helton v. State, 433 So.2d 1186, 1189 (Ala.Cr.App. 1983). Thus, the concept of availability becomes determinative of the propriety of this comment and means more than merely available or accessible for service of subpoena, Brown v.State, 50 Ala. App. 471, 475, 280 So.2d 177, cert. denied,291 Ala. 774, 280 So.2d 182 (1973); rather, it is resolved on the basis of two queries: first, did the appellant have superior means of knowing of the existence and identity of the absent witness, and second, would the witness's relationship with the appellant affect the witness's personal interest in the outcome of the appellant's trial, thus making it natural that he would testify against the State and in favor of the appellant? Huntv. State, 453 So.2d 1083, 1088 (Ala.Cr.App. 1984).
In Alabama, the availability of a witness has never been examined where the witness was the co-defendant. This court has determined that a witness was unavailable to the State where the offense had occurred three years prior to the trial and the State had no way of determining the witness's identity or even existence because the appellant did not know her name. Brown v.State, supra. Further, where the witnesses are the appellant's wife and children, there is a natural assumption that they would be hostile to the State and personally interested in the outcome of the trial. Hunt v. State, supra. See also Waller v.State, 242 Ala. 1, 4 So.2d 911 (1941), cert. denied, 242 Ala. 90, 4 So.2d 917 (Ala. 1941) (father/son relationship); Oliverv. State, 440 So.2d 1180 (Ala.Cr.App. 1983) (relationship of girlfriend/boyfriend). Where the absent witness is the co-defendant, it is clear that he may have a personal interest in the outcome of the trial; however, it is also probable that he would claim his constitutional right to remain silent regardless of whether the State or the appellant called him to testify. Under similar facts, the assistant district attorney commented on the absence of a witness alleged to have been with the appellant at the time of the sale of marijuana *Page 729 
which was the subject of the trial. The witness was allegedly the appellant's cousin, but could not be subpoenaed by either party. The court held that the prosecutorial comment was improper because the witness was equally unavailable to both sides. Garsed v. State, supra. The co-defendant in the instant case could have been subpoenaed by either party; this fact made his testimony equally unavailable to both sides.
"The grounds urged for a new trial must ordinarily be preserved at trial by timely and sufficient objections." Smithv. State, 393 So.2d 529, 532 (Ala.Cr.App. 1981). "The general rule is that improper argument of counsel is not a ground for a new trial or subject to review on appeal unless there is due objection by counsel or a motion to exclude, an adverse ruling thereon by the court, or a refusal of the trial court to make a ruling. Espey v. State, 270 Ala. 669, 120 So.2d 904 (1960);Jackson v. State, 260 Ala. 641, 71 So.2d 825 (1954); Washingtonv. State, 259 Ala. 104, 65 So.2d 704 (1953), and cases cited therein." Lawson v. State, 377 So.2d 1115, 1119 (Ala.Cr.App.),cert. denied, 377 So.2d 1121 (Ala. 1979). Thus, appellate review applies only to rulings of the trial court. Bell v.State, 466 So.2d 167, 172 (Ala.Cr.App. 1985); Turner v. State,473 So.2d 639, 642 (Ala.Cr.App. 1985). Thus, where the trial judge does not rule on an objection and no further objection or motion is made, there is no adverse ruling presented for review. Stephens v. State, 451 So.2d 402, 404 (Ala.Cr.App. 1984); Berry v. State, 434 So.2d 295, 298 (Ala.Cr.App. 1983);Ragsdale v. State, 448 So.2d 442, 444 (Ala.Cr.App. 1984). However, in the instant case, the judge denied the appellant's motion for a mistrial, properly preserving this issue for review. We agree with the holding of this court in Garsed v.State, in addressing this issue. "The appellant made reasonable and proper objections to this argument . . . In our opinion, under the authorities cited above, this action of the court was reversible error." Id., 50 Ala. App. at 317, 278 So.2d at 766. Because this case is due to be reversed on the basis of this issue, appellant's other claims will not be addressed.
REVERSED AND REMANDED.
All the Judges concur.